IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LARRY CRAIGMYLE, | |
| Plaintiff, | |
| vs. | No. 07-2652-B/P |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

On October 15, 2007, Plaintiff Larry Craigmyle, a resident of Bono, Arkansas, filed a pro se complaint and paid the civil filing fee. The Clerk shall record the defendant as the United States of America.

This action concerns medical treatment Craigmyle received at the Veterans Administration ("VA") Hospital in Memphis, Tennessee. In or about April, 1995, Plaintiff visited a neurologist complaining of an "irresistible urge to sleep." (Compl., ¶ 7; see also id., ¶¶ 8-13.) On March 10, 1997, he had outpatient surgery at the VA Hospital. It was expected that the operation would take approximately one hour but, while under anesthesia, Plaintiff began flailing his body, had to be physically restrained, and broke the operating room table. (Id., ¶ 15.) Craigmyle did not leave the

hospital until almost 5:00 p.m., and a psychiatrist was apparently present during the surgery. (Id.) Plaintiff complains that his medical records pertaining to his symptoms, medical visits, and the operation performed on March 10, 1997 were not complete and accurate. (See, e.g., ¶ 16.)

Craigmyle seeks money damages in the amount of $2,154,126,557,828,463,561,337,340.08. (Id., ¶ 154.)[1]

Plaintiff's complaint sets forth one hundred thirty-four (134) counts. Counts 1 through 35 purport to present claims under 42 U.S.C. § 1983 and 18 U.S.C. § 1035. Counts 36 through 71 concern the statute of limitations and assert that Defendant engaged in fraudulent concealment. Counts 72 through 102 allege claims for medical malpractice, in violation of 38 U.S.C. § 1710 and Tennessee law. Counts 103 and 105 contain claims under 42 U.S.C. § 1983 and 38 U.S.C. § 1710. Counts 104 and 106 through 133 assert claims under 42 U.S.C. § 1983 and Tennessee law and Count 134 submits a Fifth Amendment due process claim.

According to the Sixth Circuit, "a district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." Apple v. Glenn, 183 F.3d 477, 478 (6th Cir. 1999) (per

---

[1] The Court notes, parenthetically, that Plaintiff's demand, in excess of $2 septillion, seems somewhat high. It has been calculated that all the money in the United States, which consists of the money in circulation, plus the money held in checking accounts and travelers checks, money market funds, savings accounts, and certificates of deposit, is approximately $6 trillion. http://howstuffworks.com/question237.htm. Plaintiff is, of course, free to seek any amount of damages he believes is appropriate.

curiam); see also Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999); Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir. 1983). There is an exception to this general rule, however, that permits a district court to dismiss a complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple, 183 F.3d at 478 (citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).

Claims 1 through 35 of the complaint, which rely on 42 U.S.C. § 1983 and 18 U.S.C. § 1035, are insufficient as a matter of law. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Because of the state action requirement, "[t]he federal government and its officials are not subject to suit under 42 U.S.C. § 1983." Franklin v. Henderson, No. 00-4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001); see also Habtemariam v. Adrian, No. 98-3112, 1999 WL 455326, at *2 (6th Cir. June 23, 1999); Johnson v. Ionia United States Postal Serv., Nos. 90-1078, 90-1313, 1990 WL 115930, at *1 (6th Cir. Aug. 10, 1990); Walber v. United States Dep't of Housing & Urban Dev., No. 88-1984, 1990 WL 19665, at *2 (6th Cir. Mar. 5, 1990).

3

Counts 1 through 35 also do not satisfy the requirement that a § 1983 claim be based on a violation of the U.S. Constitution or federal law. These counts rely on 18 U.S.C. § 1035, a federal criminal statute proscribing false statements relating to health care matters in any matter involving a health care benefit program. There is no private cause of action under 18 U.S.C. § 1035. Mondry v. American Family Mut. Ins. Co., No. 06-C-320-S, 2006 WL 2787867, at *5 (W.D. Wis. Sept. 26, 2006); Progressive N. Ins. Co. v. Alivio Chiropractic Clinic, Inc., No. Civ. 050951 (PAM/RLE), 2006 WL 1072055, at *4 (D. Minn. Apr. 21, 2006); Slovinic v. Illinois Dep't of Human Servs., No. 02 C 4124, 2005 WL 442555, at *7 n.7 (N.D. Ill. Feb. 22, 2005).

The Court therefore DISMISSES Counts 1 through 35, pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3), for lack of subject-matter jurisdiction.

Counts 36 through 71 concern the statute of limitations and assert that Defendant engaged in fraudulent concealment. These claims are brought under Tenn. Code Ann. § 29-26-116(a)(3), a statute of limitations for medical malpractice claims in which there has been fraudulent concealment. A statute of limitations does not create an independent right of action; instead, it limits the time within which an action may be brought.[2] Thus, the Court

---

[2] Even if it is assumed that a defendant engaged in fraudulent concealment, the remedy for that conduct permits a plaintiff to maintain a lawsuit that would otherwise be time barred. Nothing in the statute authorizes
(continued...)

DISMISSES Counts 36 through 71, pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3), for lack of subject-matter jurisdiction.

Counts 72 through 102 assert claims for medical malpractice, in violation of 38 U.S.C. § 1710 and Tennessee law. Thirty-eight U.S.C. § 1710 concerns eligibility for hospital, nursing home, and domiciliary care through the VA. The statute also sets forth the circumstances under which veterans can be required to contribute to the cost of care furnished by the VA. On its face, nothing in the statute creates a federal cause of action for medical malpractice in a VA hospital. Likewise, the Tennessee statute on which Plaintiff relies, Tenn. Code Ann. § 29-26-116(a)(3), does not create any substantive rights for the reasons previously stated. The Court therefore DISMISSES Counts 72 through 102, pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3), for lack of subject-matter jurisdiction.

The dismissal of these counts does not mean that the complaint does not state a claim for medical malpractice. The complaint, on its face, invokes federal subject-matter jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. (Compl., ¶ 5), the proper basis for a claim for medical malpractice in a VA hospital. See, e.g., Bishop v. Veterans Admin. Hosp., Civ.A. No. 96-1062, 1996 WL 741859, at *3 (E.D. La. Dec. 30,

---

² (...continued)
the recovery of money damages for the fact of concealment itself.

1996).[3] Service will issue on a claim against Defendant under the FTCA.

Counts 103 and 105 allege claims under 42 U.S.C. § 1983 and 38 U.S.C. § 1710. Those claims are also deficient for the reasons previously discussed, and they are DISMISSED, pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3), for lack of subject-matter jurisdiction.

Counts 104 and 106 through 133 present claims under 42 U.S.C. § 1983 and Tenn. Code Ann. § 29-26-118, the Tennessee informed consent law. As previously stated, the United States cannot be sued under 42 U.S.C. because it does not act under color of state law. Moreover, a claim under 42 U.S.C. § 1983 requires that Defendant have violated the U.S. Constitution or federal law, not a state statute. These claims are DISMISSED, pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3), for lack of subject-matter jurisdiction. However, as part of his claims against Defendant under the FTCA, the applicable standard of care may include Tenn. Code Ann. § 29-26-118.

Finally, Count 134 asserts a Fifth Amendment due process claim, which is properly brought pursuant to <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1974), and which provides a federal cause of action for violations of the U.S. Constitution by federal employees. This claim is barred by sovereign immunity.

---

[3] The decision in <u>Bishop</u>, 1996 WL 741859, at *3, makes clear that Plaintiff cannot recover under the FTCA for any violation of 38 U.S.C. § 1710.

Franklin v. Henderson, 2000 WL 861697, at *1; Fagan v. Luttrell, No. 97-6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000) ("Bivens claims against the United States are barred by sovereign immunity. . . . The United States has not waived its immunity to suit in a Bivens action."); Miller v. Federal Bureau of Investigation, No. 96-6580, 1998 WL 385895, at *1 (6th Cir. July 1, 1998) ("the doctrine of sovereign immunity precludes a Bivens action against a federal agency for damages"). The Court DISMISSES Count 134, pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3), for lack of subject-matter jurisdiction.

Within thirty (30) days of the date of entry of this order, Craigmyle shall personally appear at the Clerk's office and, upon presentation of a copy of this order, the Clerk shall provide Plaintiff three (3) blank, unsigned summonses for service on Defendant. Pursuant to Fed. R. Civ. P. 4(b), Plaintiff is responsible for properly filling out the summonses and presenting them to the Clerk for signature and seal. If the summonses are in proper form, the Clerk shall sign, seal, and issue them to Plaintiff for service on Defendant.

Plaintiff is responsible for ensuring that service is effected on Defendant pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.[4] Service on Defendant shall include a copy of

---

[4] Plaintiff also must comply with Rule 4(c)(2), which requires, in part: "Service may be effected by any person who is not a party and who is at least 18 years of age."

7

this order. Plaintiff shall file proof of service pursuant to Fed. R. Civ. P. 4(*l*).

It is ORDERED that Plaintiff shall serve a copy of every further document filed in this cause on the attorney for Defendant, or on Defendant if it has no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and the local rules of this Court.

Craigmyle shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

Plaintiff is advised that the time limit set forth in Fed. R. Civ. P. 4(m) shall commence running on the date of entry of this order.

IT IS SO ORDERED this 26th day of November, 2007.

                              s/ J. DANIEL BREEN
                              UNITED STATES DISTRICT JUDGE